UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAMA CARPIO | * | CIVIL ACTION NO. 2:14-cv-3492 |
| v. | * | JUDGE MINALDI |
| UNITED STATES OF AMERICA | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss (Rec. Doc. 11) filed by Defendant United States of America ("government"). Plaintiff Jama Carpio did not file a response. For the following reasons, the motion will be **GRANTED**.

## FACTS & PROCEDURAL HISTORY

Plaintiff Jama Carpio alleges that she fell on August 14, 2007, while traversing a walkway in the AECOM DOIM office.[1] At the time of the fall, she was employed by AECOM, a federal contractor providing various logistics, supply personnel, and support services to the United States Army at Fort Polk.[2] Before the incident, the government had entered into a contract with AECOM that covered the DOIM building at Fort Polk.[3] Under the terms of the contract, the responsibilities for maintaining the building and for ensuring that walkways within the building were free of safety hazards were allocated to AECOM.[4] On December 19, 2014, Carpio filed suit against the government under the Federal Tort Claims Act ("FTCA").[5] The government filed the present motion on October 6, 2015,[6] and Carpio did not file a response.

---

[1] Compl. (Rec. Doc. 1) ¶¶ 9, 14.
[2] *Id.* ¶ 8.
[3] Ex. 1, Decl. of Simone Curtis (Rec. Doc. 11-2) ¶ 1.
[4] *Id.* ¶ 2.
[5] Compl. (Rec. Doc. 1).
[6] Mot. to Dismiss (Rec. Doc. 11).

1

## LAW & ANALYSIS

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the court. FED. R. CIV. P. 12(b)(1). The court may dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

The limited waiver of sovereign immunity under the FTCA does not extend to acts of independent contractors. *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998). "Therefore, if the act was not committed by an 'employee of the Government,' then the court must dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Id.* "Whether one is an employee of the United States or of an independent contractor is determined by reference to federal law." *Cavazos v. United States*, 776 F.2d 1263, 1264 (5th Cir. 1985). "The critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual." *Linkous*, 142 F.3d at 275. "A contractual reservation 'to the United States [of] the right to inspect the work and facilities of the independent contractor . . . and the right to stop the work, does not in itself override or alter the general rule of nonliability for the torts of the contractor.'" *Battaglia v. United States*, 495 F. App'x. 440, 442 (5th Cir. 2012) (per curiam) (quoting *Alexander v. United States*, 605 F.2d 828, 834 (5th Cir. 1979)).

The government argues that AECOM acted as an independent contractor, and thus there was no waiver of sovereign immunity under the FTCA. First, the government notes that AECOM's relationship with the government was created by the execution of a contract, and that Carpio characterized AECOM as a "federal contractor" in the complaint. Second, the government asserts that the contract did not mandate that it perform day-to-day supervision of the detailed physical performance of AECOM, but instead assigned to AECOM certain responsibilities, which included maintaining the DOIM building where the fall allegedly occurred and ensuring that the facility was free of safety hazards.[7] Finally, the government contends that it did not waive immunity from the suit to the extent it may have reserved the right to inspect or otherwise compel compliance with the particular safety standards identified in the contract. *See Battaglia*, 495 F. App'x. at 442. Carpio did not file any response to the present motion, and has failed to meet her burden of proving that the court has subject matter jurisdiction. Thus, the court finds that the government enjoys sovereign immunity in this matter, and the motion to dismiss will be **GRANTED**.

Lake Charles, Louisiana, this 10 day of \_\_\_\_May\_\_\_\_, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[7] "In all work areas where PA employees are assigned, whether they constitute 100% of the work force or a portion of the workforce (e.g., Public Works), the PA shall perform housekeeping and grounds keeping in PA occupied facilities and areas including, but not limited to, yards, compounds, parking lots, and ancillary work sites. The PA shall maintain facilities, supplies and material in a safe, organized, and clean condition. The PA shall sweep, mop, and wax floors, vacuum carpets, clean latrines and ensure indoor work places are kept clean and free of any debris or health and safety hazard." Ex. 1, Contract (Rec. Doc. 11-2), Section C 1.1.15.

3